UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MERLY JEWIK, Individually and on behalf all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>TRANSMEDICS GROUP, INC., WALEED HASSANEIN, and STEPHEN GORDON,<br><br>    Defendants. | Case No. 1:25-cv-10385-LTS<br><br><br>CLASS ACTION |
| PATRICK COLLINS, on Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>TRANSMEDICS GROUP, INC., WALEED HASSANEIN, and STEPHEN GORDON,<br><br>    Defendants. | Case No. 1:25-cv-10778-LTS<br><br>CLASS ACTION |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ANTONIO ECHEVERRÍA GUTIÉRREZ FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APRROVAL OF LEAD COUNSEL

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................ 1

II. FACTUAL BACKGROUND ....................................................................................... 2

III. ARGUMENT ............................................................................................................... 4

    A. This Court Should Consolidate the Related Actions to Promote Efficiency ..................... 4

    B. Mr. Gutiérrez Should Be Appointed Lead Plaintiff ............................................................ 5

        1. Mr. Gutiérrez's Motion Is Timely ...................................................................... 6

        2. Mr. Gutiérrez Has a Substantial Financial Interest in the Relief Sought by the Class ... 6

        3. Mr. Gutiérrez Is Typical and Adequate ............................................................ 6

    C. The Court Should Approve Mr. Gutiérrez's Selection of Counsel .................................... 8

IV. CONCLUSION ............................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Adair v. Sorenson*,
134 F.R.D. 13 (D. Mass. 1991)................................................................................................. 5

*Amberber v. EHang Holdings Ltd.*,
2022 WL 409096 (S.D.N.Y. Feb. 10, 2022)............................................................................. 7

*Arkansas Teacher Retirement System v. Insulet Corp. et al.*,
177 F. Supp. 3d 618 (D. Mass. 2016) .................................................................................. 5, 6

*Bardaji v. Match Grp., Inc.*,
2023 WL 3624774 (D. Del. May 24, 2023).............................................................................. 7

*Carr v. Analogic Corp.*,
2018 WL 4932858 (D. Mass. Oct. 10, 2018)............................................................................ 2

*Howard Gunty Profit Sharing Plan v. CareMatrix Corp.*,
354 F. Supp. 2d 18 (D. Mass. 2000) ........................................................................................ 2

*In re Lernout & Hauspie Sec. Litig.*,
138 F. Supp. 2d 39 (D. Mass. 2001) ........................................................................................ 5

*Leech v. Brooks Automation, Inc.*,
2006 WL 3690736 (D. Mass. Dec. 13, 2006)........................................................................... 5

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
2014 WL 2604991 (N.D. Cal. June 10, 2014).......................................................................... 2

*Raby v. Evolv Techs. Holdings, Inc.*,
2024 WL 4252685 (D. Mass. Sept. 20, 2024) .......................................................................... 5

*Thieffry v. Synchronoss Tech., Inc.*,
No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018).......................................................................... 7

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)................................................................................................. passim

15 U.S.C. §§ 78j(b) and 78t(a)...................................................................................................... 1

15 U.S.C. §78u-4(a)(1) ................................................................................................................. 3

15 U.S.C. §78u-4(a)(3)(A)(i)........................................................................................................ 3

**Rules**

17 C.F.R. § 240.10b-5 ............................................................................................................... 1

Antonio Echeverría Gutiérrez ("Mr. Gutiérrez") submits this memorandum of law in support of his motion for: (1) consolidation of the above-captioned related cases (2) appointment as Lead Plaintiff for the Class under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (3) approval of his selection of Block & Leviton LLP ("Block & Leviton") as Lead Counsel for the Class; and (4) granting any other relief that the Court may deem just and proper.

## I. INTRODUCTION

The above-captioned related cases ("Related Actions") are putative securities class actions on behalf of investors who purchased or otherwise acquired securities of TransMedics Group, Inc. ("TransMedics" or the "Company") between February 28, 2023 to January 10, 2025 inclusive (the "Class Period"), against TransMedics, Waleed Hassanein, and Stephen Gordon ("Defendants") for violations of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Specifically, pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar legal and factual issues. Additionally, the Court is to appoint as Lead Plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA requires the Court to appoint as Lead Plaintiff the movant who: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the

1

largest financial interest in the litigation; and (3) satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Mr. Gutiérrez submits that he is the presumptively "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Mr. Gutiérrez filed a timely motion, has the largest known financial interest in the relief sought by the Class, his claims are typical of all members of the Class, and he will fairly and adequately represent the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

In addition, Mr. Gutiérrez's selection of Block & Leviton, counsel with extensive experience prosecuting complex securities class actions, as Lead Counsel for the Class is reasonable and should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. FACTUAL BACKGROUND

TransMedics is a medical technology company incorporated in Massachusetts that purports to "transform[] organ transplant therapy for end-stage organ failure patients." ¶7.[1] TransMedics developed a technology known as the Organ Care System ("OCS"), which, according to the Company, "represent[ed] a paradigm shift that transforms organ preservation . . . [and] replicates many aspects of the organ's natural living and functioning environment outside of the human body." *Id.* The Company had also developed an aviation-based transportation system known as its National OCS Program ("NOP"), which aimed to make the logistics of procuring donor organs with the OCS more efficient. *Id.*

Risk disclosures in the securities filings of TransMedics repeatedly acknowledged that the Company's growth depended on the success of the OCS, *see, e.g.*, ¶¶18, 29, 31, the importance of complying with regulations in the United States and internationally, *see, e.g.*, ¶¶ 22, 24, 26, and

---

[1] Citations to "¶__" refer to paragraphs of the Complaint, *Jewik v. TransMedics Group, Inc., et al.*, No. 1:25-cv-10385-LTS (D. Mass. Feb. 14, 2025), Dkt. 1.

the necessity of an ethical corporate culture and good reputation, *see, e.g.*, ¶¶22, 35. The Complaint alleges that these statements were materially false and misleading because the Company failed to disclose that: (1) TransMedics used kickbacks, fraudulent overbilling, and coercive tactics to generate business and revenue; (2) TransMedics engaged in unsafe practices and hid safety issues and generally lacked safety oversight; and (3) the foregoing subjected TransMedics to heightened risk of scrutiny and regulatory risk. *See* ¶41.

The Complaint alleges that the truth began to emerge when U.S. Representative Paul Gosar issued a letter accusing TransMedics of misconduct on February 21, 2024, which was reported on by The Daily Caller during market hours on February 22, 2024. ¶42. Rep. Gosar pointed out that immediately after the FDA approved the OCS, costs skyrocketed, noted allegations that TransMedics used private aircraft without the purpose of transporting organs, and claimed that transplant centers reported being pressured to use TransMedics aircrafts or risk losing access to the OCS and were uncomfortable with asking Medicare for reimbursement because of the increased costs associated with using the NOP. ¶¶43, 45. On this news, the price of TransMedics stock fell $2.18 per share, or 2.5% on February 22, 2024, and the next day, it fell a further $1.67 per share, or 1.96%. ¶46. The Chief Executive Officer (CEO) of TransMedics, Defendant Waleed Hassanein, M.D., denied Rep. Gosar's allegations on February 26, 2024. ¶47.

On January 10, 2025, Scorpion Capital issued a 300+ slide report about TransMedics (the "Report"). ¶48. The Report verified the substance of Rep. Gosar's claims and alleged that TransMedics overbilled hospitals, effectively forced customers to use certain services, and provided organs that had been rejected by reputable physicians. ¶49. The Report went so far as to state its belief that "TransMedics is operating an organ trafficking scheme, shopping and steering rejected organs to its top users as a quid pro quo for accepting them on its device and via its NOP

3

service," ¶58, and "[t]he NOP organ procurement service is 'a ticking time bomb' staffed with imported H1B surgeons unlicensed to practice medicine in the US, from high-risk areas like India, Pakistan, and the Middle East; resulting in butchered and lost organs." ¶60. On January 10, 2025, the day on which the Report was released, the price of TransMedics stock fell $3.74 per share, or 5.15%, and fell again on Monday January 13, 2025, by $4.76 per share, or 6.9%, to close at $64.05. ¶73.

Due to these alleged misrepresentations and omissions, Mr. Gutiérrez and other Class members have suffered significant losses and damages.

## III. ARGUMENT

### A. This Court Should Consolidate the Related Actions to Promote Efficiency

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see, e.g., Carr v. Analogic Corp.*, 2018 WL 4932858, at *1 (D. Mass. Oct. 10, 2018). Rule 42(a) "allows consolidation of actions 'involving a common question of law or fact' in order to 'avoid unnecessary costs or delay.'" *Howard Gunty Profit Sharing Plan v. CareMatrix Corp.*, 354 F. Supp. 2d 18, 22 (D. Mass. 2000) (citing Fed. R. Civ. P. 42(a)). "Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved." *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, 2014 WL 2604991, at *3 (N.D. Cal. June 10, 2014).

Mr. Gutiérrez's motion for consolidation should be granted. Both actions concern the same claims on behalf of an identical class of stockholders against the same defendants. Accordingly, the Related Actions involve common questions of law and fact and consolidation is appropriate under Rule 42(a).

## B. Mr. Gutiérrez Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising class members "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i).

The statutory notice in connection with the filing of the *Jewik* case was published on February 14, 2025. *See* Declaration of Jeffrey C. Block in Support of Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Block Decl."), Ex. A. In addition, a notice was published on April 2, 2025, notifying putative class members of the filing of the *Collins* case. See Block Decl., Ex. B.

Next, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class the Court determines to be most capable of adequately representing the interests of other class members. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA also provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

5

(aa) has either filed the complaint or made a motion in response to a notice [published by a complainant];

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Mr. Gutiérrez meets these requirements and should therefore be appointed Lead Plaintiff.

### 1. Mr. Gutiérrez's Motion Is Timely

The statutory notice published on February 14, 2025, advised Class members of the pendency of the action, the claims asserted, the proposed Class Period, and the right to move the Court to be appointed as lead plaintiff by April 15, 2025. See Block Decl., Ex. A. Because Mr. Gutiérrez's motion has been filed by the statutory deadline, he is eligible for appointment as Lead Plaintiff.

### 2. Mr. Gutiérrez Has a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by his certification and loss chart, Mr. Gutiérrez purchased significant amounts of TransMedics securities and suffered approximately $114,305 in losses as a result of Defendants' violations of the federal securities laws. *See* Block Decl., Exs. C, D. To the best of Mr. Gutiérrez's counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3. Mr. Gutiérrez Is Typical and Adequate

In addition to possessing a significant financial interest, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the litigation, only a "preliminary showing" of typicality and adequacy is required. *See, e.g., Arkansas Teacher Retirement System v. Insulet Corp. et al.*, 177 F. Supp. 3d 618, 622-23 (D.

6

Mass. 2016) (at the lead plaintiff stage of the litigation, only a *prima facie* showing of typicality and adequacy is needed).

"In determining whether plaintiff meets the 'typicality' requirement of Rule 23, courts consider 'whether the circumstances of the movant with the largest losses are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based.'" *Leech v. Brooks Automation, Inc.*, 2006 WL 3690736, at *3 (D. Mass. Dec. 13, 2006) (citation omitted). "To meet the adequacy requirement, plaintiffs must demonstrate that they have common interests and an absence of conflict with the class members and that the plaintiffs' attorneys are qualified, experienced and vigorously able to conduct the litigation." *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 46 (D. Mass. 2001) (citing *Adair v. Sorenson*, 134 F.R.D. 13, 18 (D. Mass. 1991)).

Here, Mr. Gutiérrez's claims are typical of those of the Class because–like all Class members–he purchased TransMedics securities during the Class Period, suffered damages as a result of Defendants' false and misleading statements, and possesses claims against TransMedics and the Individual Defendants under the Exchange Act. *See, e.g., Raby v. Evolv Techs. Holdings, Inc.*, 2024 WL 4252685, at *2 (D. Mass. Sept. 20, 2024) (movant's claims typical because he owned defendant company's shares at the time allegedly misleading statements were made and claimed to have suffered damages as a result of the decline in the values of the securities when purported misrepresentations were revealed to the market).

Mr. Gutiérrez is adequate because his interests in the action are squarely aligned with the interests of the other members of the Class. Mr. Gutiérrez is highly incentivized to maximize the recovery for all Class members harmed by Defendants' misrepresentations and omissions based on, among other things, the substantial losses that he suffered. As set forth in greater detail below,

Mr. Gutiérrez's adequacy is bolstered by his hiring of Block & Leviton–highly qualified counsel with significant success prosecuting federal securities class actions–to serve as Lead Counsel. *See Arkansas Tchr. Ret. Sys.*, 177 F. Supp. 3d at 622 (movant is adequate because it "sustained large losses, it has the ability and incentive to represent the claims of the class vigorously, and it has retained experienced counsel to do so") (quotations and citations omitted)

Moreover, Mr. Gutiérrez fully understands the obligations of a Lead Plaintiff to absent Class members under the PSLRA and is willing and able to undertake these responsibilities to ensure vigorous and efficient prosecution. Mr. Gutiérrez has submitted a sworn declaration detailing his commitment to actively directing this litigation, rationale for seeking Lead Plaintiff status, and selection of Block & Leviton. Block Decl., Ex. E. Accordingly, Mr. Gutiérrez readily satisfies the adequacy requirement.

Because Mr. Gutiérrez filed a timely motion, believes he has the largest financial interest in the relief sought by the Class, and demonstrated his preliminary typicality and adequacy, the Court should adopt the presumption that Mr. Gutiérrez is the "most adequate" plaintiff.

## C. The Court Should Approve Mr. Gutiérrez's Selection of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Mr. Gutiérrez has selected Block & Leviton as lead counsel. Both firms have substantial experience in the prosecution of shareholder and securities class actions. Block Decl., Ex. F. As noted by one district court,

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation* (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.

8

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21). Courts across the country have likewise recognized Block & Leviton's adequacy and appointed the firm as lead counsel. *See e.g.*, *Amberber v. EHang Holdings Ltd.*, 2022 WL 409096, at *5 (S.D.N.Y. Feb. 10, 2022) ("Block & Leviton LLP can capably represent the class here, given the firm's experience in litigating class action lawsuits."); *Bardaji v. Match Grp., Inc.*, 2023 WL 3624774, at *3 (D. Del. May 24, 2023) (noting that Block & Leviton "has substantial experience in securities fraud litigation [and] has obtained a significant number of sizeable settlements in these cases over the years.").

Accordingly, Mr. Gutiérrez's selection of Block & Leviton as Lead Counsel is reasonable and should be approved.

## IV. CONCLUSION

For the foregoing reasons, Mr. Gutiérrez moves this Court for an order: (1) consolidating the above-captioned related cases (2) appointing Mr. Gutiérrez as Lead Plaintiff for the Class under the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B); (3) approving his selection of Block & Leviton as Lead Counsel for the Class; and (4) granting any other relief that the Court may deem just and proper.

DATED: April 15, 2025                          Respectfully submitted,


                                              /s/ Jeffrey C. Block
                                              Jeffrey C. Block
                                              Jacob A. Walker
                                              **BLOCK & LEVITON LLP**
                                              260 Franklin Street, Suite 1860
                                              Boston, MA 02110
                                              (617) 398-5600 phone
                                              jeff@blockleviton.com
                                              jake@blockleviton.com

                                              *[Proposed] Lead Counsel for Plaintiff*

9

## <u>CERTIFICATE OF SERVICE</u>

I, Jeffrey C. Block, hereby certify that on April 15, 2025, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

/s/ Jeffrey C. Block
Jeffrey C. Block

10