EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MERLY JEWIK, Individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br>   v.<br><br>TRANSMEDICS GROUP, INC., WALEED HASSANEIN, and STEPHEN GORDON,<br><br>     Defendants. | Case No. 1:25-cv-10385-LTS<br><br>Hon. Leo T. Sorokin<br><br><u>CLASS ACTION</u><br><br>**ORAL ARGUMENT REQUESTED** |
| PATRICK COLLINS, on Behalf Himself and All Others Similarly Situated,<br><br>     Plaintiff,<br>   v.<br><br>TRANSMEDICS GROUP, INC., WALEED HASSANEIN, and STEPHEN GORDON,<br><br>     Defendants. | Case No. 1:25-cv-10778-LTS<br><br>Hon. Leo T. Sorokin<br><br><u>CLASS ACTION</u><br><br>**ORAL ARGUMENT REQUESTED** |

**JOINT DECLARATION IN SUPPORT OF THE**
**MOTION OF THE TRANSMEDICS INVESTORS FOR**
**CONSOLIDATION OF RELATED ACTIONS,**
**APPOINTMENT AS LEAD PLAINTIFF, AND**
<u>**APPROVAL OF SELECTION OF LEAD COUNSEL**</u>

We, Homer Bryson and Oguzhan Altun, declare as follows:

1.      We respectfully submit this Joint Declaration in support of the motion of the Peace Officers' Annuity and Benefit Fund of Georgia ("Georgia Peace Officers") and Oguzhan Altun ("Mr. Altun," and together with Georgia Peace Officers, the "TransMedics Investors") for consolidation of related actions, appointment as Lead Plaintiff, and approval of their selection of Saxena White P.A. ("Saxena White") and Scott+Scott Attorneys at Law LLP ("Scott+Scott") to serve as Lead Counsel for the proposed Class in the securities class action litigation against TransMedics Group, Inc. ("TransMedics") and certain other defendants (collectively, "Defendants"). Mr. Altun is also represented by The Schall Law Firm in this action. We are aware that the action is brought on behalf of all persons and entities who purchased or otherwise acquired publicly traded TransMedics securities between February 28, 2023 and January 10, 2025, inclusive (the "Class Period"). We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of this litigation. We each have personal knowledge of the information in this Joint Declaration.

2.      I, Homer Bryson, am the Executive Director of Georgia Peace Officers, and I am authorized to make this declaration on behalf of Georgia Peace Officers. Based in Griffin, Georgia, Georgia Peace Officers is a defined-benefit public pension fund that provides pension and other benefits for more than 20,000 current and former state peace officers and their beneficiaries. Georgia Peace Officers manages approximately $920 million in assets. As reflected in its certification, Georgia Peace Officers incurred substantial losses on its transactions in TransMedics securities during the Class Period.

1

3.      I, Oguzhan Altun, am 49 years old and reside in Geneva, Switzerland.  I earned a Bachelor of Arts degree in Management from Bosphorus University in Istanbul, Turkey.  I own and operate a photography school.  I have invested in the stock market for more than 10 years.  As reflected in my certification, I incurred substantial losses on my transactions in TransMedics securities during the Class Period.

4.      The TransMedics Investors, one of whom is a sophisticated institutional investor, both understand, appreciate, and accept the duties and fiduciary responsibilities with which a lead plaintiff is charged under the PSLRA.  Our familiarity with the PSLRA's requirements and in overseeing counsel in actions prosecuted on behalf of absent investors and shareholders is informed by, among other things, the experience of one of our members serving as a co-lead plaintiff in a securities fraud class action and achieving an outstanding result for a class of investors.  *See Peace Officers' Annuity & Benefit Fund of Ga. v. DaVita Inc.*, No. 17-cv-304 (D. Colo.) (Georgia Peace Officers achieving a $135 million recovery as co-lead plaintiff with another institutional investor and Saxena White serving as lead counsel).

5.      We are both highly motivated to recover the substantial losses that we (and the rest of the Class) incurred as a result of Defendants' violations of the federal securities laws.  Our primary goal in seeking to serve as Lead Plaintiff in this case is to achieve the best possible recovery for the Class from all culpable parties.  We are dedicated to maximizing the Class's recovery by ensuring this litigation is prosecuted in an efficient and cost-conscious manner, and we believe that we have put in place mechanisms to ensure effective decision-making and coordination and oversight of our chosen counsel.

6.      To ensure an optimal result for the Class and provide the Class with the broadest representation, we believe that this case should be prosecuted by investors that best represent the

composition and diversity of the Class, including a sophisticated individual investor and an institutional investor with significant resources, prior experience serving as a fiduciary and in selecting, hiring, and overseeing the activities of outside counsel in investment-related litigation, and who both have a financial interest substantial enough to ensure the claims are litigated vigorously, efficiently, and in the best interests of the Class.

7.      Georgia Peace Officers and Mr. Altun each independently determined that they could maximize the Class's recovery by seeking appointment as Lead Plaintiff in this case based on their: (1) investments and complementary trading in TransMedics securities throughout the Class Period; (2) ability to share and combine resources and their perspectives as a fiduciary to its members and as a sophisticated individual investor, respectively; and (3) shared goals and interests in protecting and maximizing investor assets.  Georgia Peace Officers and Mr. Altun also each independently determined that it would be in their and the Class's best interests to seek to jointly prosecute these important claims.

8.      The TransMedics Investors' decision to seek joint appointment as Lead Plaintiff was informed, in part, by Mr. Altun's perspective as a sophisticated individual investor and Georgia Peace Officers' role as a fiduciary to its members, and their shared goals and interests in protecting and maximizing their assets and enhancing the reliability and transparency of information disseminated by publicly traded corporations.  After analyzing the merits of the claims, including the claims investigated and filed by Scott+Scott in the action captioned *Collins v. TransMedics Group, Inc.*, No. 25-cv-10778 (D. Mass.), and the respective losses incurred as a result of Defendants' alleged misconduct, and consulting with counsel, the TransMedics Investors approved the filing of a joint motion for Lead Plaintiff appointment.

9. The TransMedics Investors agree that their partnership is well suited for this litigation and will further the interests of the Class. Indeed, the TransMedics Investors believe that a cohesive group informed by diverse perspectives has a positive effect on the quality of the representation provided to class members, especially in complex actions such as this one. The TransMedics Investors understand that the PSLRA expressly allows for the appointment of lead plaintiff groups, and courts throughout the country endorse groups of sophisticated investors composed of both retail and institutional investors to serve as lead plaintiff when they are able to effectively oversee counsel in an independent manner and demonstrate that they will vigorously prosecute the action in the best interests of the class. The TransMedics Investors intend to prosecute the action against Defendants in such an independent, efficient, and vigorous manner.

10. Prior to seeking appointment as Lead Plaintiff, we convened a conference call to discuss the TransMedics Investors' commitment to jointly prosecuting this litigation. During the call, representatives of Georgia Peace Officers and Mr. Altun discussed, among other things: the facts and the merits of the claims against Defendants; the losses arising from Defendants' misconduct; the strategy for the prosecution of this litigation; the TransMedics Investors' shared desire to achieve the best possible result for the Class; Georgia Peace Officers' experience overseeing counsel in investment-related litigation; and the TransMedics Investors' shared interest in serving jointly as Lead Plaintiff in this case in order to, among other things, ensure that the Class's claims will be efficiently and zealously prosecuted through our oversight of our proposed Lead Counsel, Saxena White and Scott+Scott.

11. On the conference call, we also discussed with each other the importance of joint decision-making and maintaining open communication that will enable each of us to confer, with or without counsel, via telephone, video conference, and/or email on short notice to ensure that the

TransMedics Investors are able to make timely decisions.  The TransMedics Investors have direct contact information for each other so that we and our representatives can communicate with or without counsel.  The TransMedics Investors are available to confer via telephone and/or email to ensure that we are able to make timely decisions.

12.    The TransMedics Investors are not aware of any instance of disagreement that could not be resolved through discussion and collaboration among each other and/or counsel. Through our discussions, we determined that the TransMedics Investors are likeminded, sophisticated investors aligned in our shared objective to work collaboratively to maximize the recovery of investors through this litigation.  Based on our experience, and given our shared goal of achieving the best possible recovery for the Class, we do not envision having any disagreement that could not be resolved through discussion and collaboration with each other and our counsel.

13.    We confirm our commitment to sharing our perspectives, experiences, and resources to direct this litigation, including to supervise our proposed Lead Counsel's prosecution of this action, pursuant to the PSLRA, to ensure that the action is prosecuted without unreasonable cost.  We are confident in our ability to supervise our proposed Lead Counsel and believe that the Class will benefit from having law firms experienced in litigating securities class actions successfully as Lead Counsel.

14.    We are aware of the experience, resources, and success of our proposed Lead Counsel, Saxena White and Scott+Scott, and we are aware that Saxena White and Scott+Scott are each accomplished law firms with a history of achieving significant monetary recoveries on behalf of injured investors, including in this District.  *See*, *e.g.*, *City of Miami Fire Fighters' & Police Officers' Retirement Trust v. Cerence Inc.*, No. 22-cv-10321 (D. Mass.) ($30 million recovery, with Saxena White serving as co-lead counsel); *In re Wilmington Trust Securities Litigation*, No.

10-cv-990 (D. Del.) ($210 million recovery, with Saxena White serving as co-lead counsel); *In re Rayonier Inc. Securities Litigation*, No. 14-cv-1395 (M.D. Fla.) ($73 million recovery, with Saxena White serving as co-lead counsel); *In re Apache Corp. Securities Litigation*, No. 21-cv-575 (S.D. Tex.) ($65 million recovery, with Saxena White serving as co-lead counsel); *Plymouth County Retirement System v. Patterson Cos. Inc.*, No. 18-cv-871 (D. Minn.) ($63 million recovery, with Saxena White serving as co-lead counsel); *In re Micro Focus Int'l plc Sec. Litig.*, Lead Case No. 18-cv-01549 (Cal. Super. Ct. San Mateo Cnty.) ($107.5 million recovery, with Scott+Scott serving as co-lead counsel); *Okla. Firefighters Pension & Ret. Sys. v. Newell Brands Inc.,* HUD-L-003492-1 (Hudson Cnty. N.J. Super. Ct. NJ) ($102.5 million recovery, with Scott+Scott serving as lead counsel); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million recovery, with Scott+Scott serving as co-lead counsel); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million recovery, with Scott+Scott serving as lead counsel); *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million recovery, with Scott+Scott serving as co-lead counsel).

15.    We fully believe that Saxena White and Scott+Scott will prosecute this action in a zealous and efficient manner as Lead Counsel under our supervision, to the benefit of the Class. Our decision to select Saxena White and Scott+Scott as our proposed Lead Counsel was also informed by our analysis of the claims against TransMedics and the evidence developed by Saxena White and Scott+Scott through their investigation into Defendants' alleged wrongdoing, including Scott+Scott investigating and filing the action captioned *Collins v. TransMedics Group, Inc.*, No. 25-cv-10778 (D. Mass.).

16.    In furtherance of their duties to the Class, the TransMedics Investors have directed Saxena White and Scott+Scott to vigorously prosecute this action in a cost-effective and efficient

manner while obtaining the best possible result for the Class. The TransMedics Investors believe the experience and success of our proposed Lead Counsel in prosecuting securities class actions, combined with our oversight, will ensure that the Class receives the best possible representation in this case.

17.     The TransMedics Investors have directed Saxena White and Scott+Scott to provide updates on all developments during the lead plaintiff motion process, and to continue their investigation of the Class's claims and provide updates on the status of the ongoing investigation. The TransMedics Investors will continue to direct counsel and actively oversee the prosecution of this action for the benefit of the Class by, among other things, reviewing and authorizing the filing of pleadings and other important litigation documents, conferring together and with counsel, and attending court proceedings, depositions, settlement mediations, and hearings as needed. If appointed Lead Plaintiff, the TransMedics Investors will confer together and with counsel as often and regularly as necessary to ensure responsible oversight and direction of counsel.

18.     In sum, we are committed to ensuring the Class receives the best possible outcome from this litigation.

**[REMAINDER INTENTIONALLY BLANK]**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of April, 2025.

Peace Officers' Annuity and Benefit Fund of Georgia

Homer Bryson, Executive Director

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this ___15___ day of April, 2025.


_____
Oguzhan Altun