UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MERLY JEWIK, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:25-cv-10385-LTS <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | | |
| vs. | | |
| TRANSMEDICS GROUP, INC., et al., | | |
| Defendants. | | |
| PATRICK COLLINS, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:25-cv-10778-LTS <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | | |
| vs. | | |
| TRANSMEDICS GROUP, INC., et al., | | |
| Defendants. | | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

## I.    PRELIMINARY STATEMENT

Presently pending before the Court are two related securities class action lawsuits brought pursuant to §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") on behalf of purchasers or acquirers of publicly traded TransMedics Group, Inc. ("TransMedics" or the "Company") securities between  February 28, 2023 and January 10, 2025 (the "Class Period"): *Jewik v. TransMedics Group, Inc.*, No. 1:25-cv-10385; and *Collins v. TransMedics Group, Inc.*, No. 1:25-cv-10778 (the "Related Actions").  In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") dictates that the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar legal and factual issues.

The PSLRA instructs district courts to "appoint the most adequate plaintiff as lead plaintiff."  15 U.S.C.  §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Joseph Caccavale, Mary Lou Caccavale, and Dr. Scott D. Levine respectfully submit that they are the presumptively most adequate plaintiffs in this case because they filed a timely motion in response to a notice, have the largest financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Caccavales and Dr. Levine's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

Based in Andover, Massachusetts, TransMedics is a commercial-stage medical technology company that engages in transforming organ transplant therapy for end-stage organ failure patients

- 1 -

in the United States and internationally.  The Company's stock trades on the NASDAQ under the ticker TMDX.

The Related Actions allege that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) TransMedics used kickbacks, fraudulent overbilling, and coercive tactics to generate business and revenue; (ii) TransMedics engaged in unsafe practices and hid safety issues and generally lacked safety oversight; and (iii) the foregoing subjected TransMedics to heightened risk of scrutiny and regulatory risk.

On February 21, 2024, U.S. Representative Paul Gosar issued a letter accusing TransMedics of misconduct including misappropriating corporate resources and the letter was reported on by *The Daily Caller* during market hours on February 22, 2024.  On this news, the price of TransMedics stock fell.

Then, on January 10, 2025, Scorpion Capital issued a report accusing TransMedics of, among other things, overbilling hospitals that use its services, effectively forcing customers to use certain services, and providing to patients organs that had been rejected by reputable physicians, by way of physicians who were paid by TransMedics.  On this news, the price of TransMedics stock fell further.

As a result of defendants' wrongful acts and omissions, and the precipitous declines in the market value of TransMedics securities, the Caccavales and Dr. Levine and other class members have suffered significant losses and damages.

III.    **ARGUMENT**

A.      **The Related Actions Should Be Consolidated**

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions.  Fed. R. Civ. P. 42(a).

The Related Actions present similar factual and legal issues, alleging the same violations of the Exchange Act against the same defendants during identical Class Periods. Because these Related Actions are based on the same facts and legal issues, the same discovery will pertain to both cases. Thus, consolidation is appropriate here. *See Carr v. Analogic Corp.*, 2018 WL 4932858, at *1 (D. Mass. Oct. 10, 2018).

### B.    The Caccavales and Dr. Levine Should Be Appointed Lead Plaintiff

### 1.    The Procedures Required by the PSLRA

The PSLRA established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). The PSLRA states that "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in connection with this case was published on *Business Wire*, a national, business-oriented newswire service, on February 14, 2025. *See* Egan Decl., Ex. A.[1] Within 60 days after publication of the notice, any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate

---

[1]    References to the "Egan Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Patrick T. Egan in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel.

plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  The Caccavales and Dr. Levine meet each of these requirements and should therefore be appointed Lead Plaintiff.

### 2. The Caccavales and Dr. Levine Satisfy the Lead Plaintiff Requirements of the PSLRA

#### a. The Caccavales and Dr. Levine's Motion Is Timely

The February 14, 2025, statutory notice published in connection with the filing of the first-filed complaint advised putative class members of the pendency of the action, the claims asserted, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by April 15, 2025.  *See* Egan Decl., Ex. A.  By filing a motion by the statutory deadline, the Caccavales and Dr. Levine have satisfied the first statutory requirement for appointment as lead plaintiff.

#### b. The Caccavales and Dr. Levine Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, the Caccavales and Dr. Levine purchased 12,200 shares of TransMedics stock during the Class Period and suffered approximately $654,167 in losses.  *See* Egan Decl., Exs. B-C.  To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, the Caccavales and Dr. Levine satisfy the PSLRA's largest financial interest requirement.

#### c. The Caccavales and Dr. Levine Satisfy Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of

- 4 -

Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "In deciding a motion to serve as lead plaintiff, a court need only make findings as to the typicality and adequacy of the proposed lead plaintiff. . . .  Those findings need only be 'preliminary.'"  *Loc. No. 8 IBEW Ret. Plan v. Vertex Pharms. Inc.*, 52 F. Supp. 3d 337, 341 (D. Mass. 2014) (citation omitted).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiff's claims "arise from the same course of events and involve the same legal theory as to the claims of the rest of the class."  *Id.*  Here, the Caccavales and Dr. Levine meet this requirement because, just like all other class members, they purchased TransMedics securities in reliance upon defendants' allegedly materially false and misleading statements and suffered damages thereby.  Thus, the Caccavales and Dr. Levine's claims are typical of those of other class members since every claim arises out of the same course of events and is based on the same legal theories.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  A plaintiff is "capable of adequately protecting the interests of the class" by "possess[ing] 'common interests and an absence of conflict with the class members[,] and . . . plaintiff's attorneys are qualified, experienced, and vigorously able to conduct the litigation.'"  *Loc. No. 8*, 52 F. Supp. 3d at 341 (citation omitted).  Here, the Caccavales and Dr. Levine are adequate representatives of the class because their interest in the action is clearly aligned with the interests of the other members of the class.  The Caccavales and Dr. Levine have amply demonstrated their adequacy by signing a sworn Certification and submitting a Joint Declaration detailing their ability, commitment, and plan to jointly serve as lead plaintiff.  *See* Egan Decl., Exs. B, D.  Finally, as explained below, the Caccavales and Dr. Levine have selected

experienced and qualified counsel, further evidencing their ability to fairly and competently represent the interests of the putative class.

The Caccavales and Dr. Levine therefore preliminarily satisfy the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

**C.     The Court Should Approve the Caccavales and Dr. Levine's Choice of Lead Counsel**

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent.  15 U.S.C. §78u-4(a)(3)(B)(v). "'Courts typically do not disturb a lead plaintiff's choice of counsel unless doing so is necessary to protect the interests of the class.'" *Leech v. Brooks Automation, Inc.*, 2006 WL 3690736, at \*4 (D. Mass. Dec. 13, 2006) (citation omitted).  The Caccavales and Dr. Levine have selected Robbins Geller as lead counsel.[2]

Robbins Geller, a 200-attorney firm with offices nationwide, regularly represents clients in complex class action litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  District courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller to lead roles in hundreds of complex class action securities cases, including in this Court.  *See, e.g.*, *Carr*, 2018 WL 4932858, at \*3 (appointing Robbins Geller as lead counsel and noting that movant "adequately set[] forth the firm's experience litigating complex class actions, including under the PSLRA"); *In re Evergreen Ultra Short Opportunities*

---

[2]     For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com.  A copy of Robbins Geller's firm resume is available upon the Court's request, if preferred.

*Fund Sec. Litig.*, No. 1:08-cv-11064 (D. Mass.) (Robbins Geller attorneys served as co-lead counsel and secured $25 million shareholder recovery).[3]  Thus, the Court can be assured that by approving the Caccavales and Dr. Levine's choice of Robbins Geller as lead counsel the putative class will receive the highest caliber of representation.

## IV.    CONCLUSION

The Caccavales and Dr. Levine have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Caccavales and Dr. Levine respectfully request that the Court consolidate the Related Actions, appoint them as Lead Plaintiff, and approve their selection of lead counsel.

 DATED:  April 15, 2025                              Respectfully submitted,

                                                    BERMAN TABACCO


                                                    */s/ Patrick T. Egan*
                                                    PATRICK T. EGAN (BBO #637477)

                                                    One Liberty Square
                                                    Boston, MA  02109
                                                    Telephone:  (617) 542-8300
                                                    pegan@bermantabacco.com

---

[3]     Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits. *See In re Enron Corp. Sec.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  (619) 231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filings (NEF) and paper copies of the documents will be sent to those indicated as non-registered participants.

DATED:  April 15, 2025

/s/ Patrick T. Egan
PATRICK T. EGAN (BBO #637477)
One Liberty Square
Boston, MA  02109
Telephone:  (617) 542-8300
pegan@bermantabacco.com